JAMES R. DAWKINS, Judge ad hoc.
This was an action brought by the Hardware Dealers Mutual Fire Insurance Company against August Guzzardi wherein the plaintiff sought to recover the sum of $1500.-00, representing proceeds for the face amount of an insurance policy paid to the defendant based upon a complete loss of certain furniture belonging to the defendant and insured by the plaintiff.
Essentially, the facts of the case are that on or about February 28, 1958, August Guz-zardi, the defendant, stored certain articles of furniture with the William Rednor Transfer and Storage Company at its warehouse on Jackson Avenue in the City of New Orleans. The defendant did not see his furniture again until some time after February of 1960.
In February of 1960, the defendant went to the warehouse where his furniture had been stored at 636 Jackson Avenue to inquire about his furniture preparatory to moving it into his new house which would be completed in May of that year. Upon arriving at the Jackson Avenue warehouse,, he was informed that the furniture had been moved to another warehouse located at 515 Esplanade Avenue. Consequently, he went to the Esplanade Avenue warehouse and discovered that the warehouse building at this location had been completely destroyed by fire on January 8, 1960.
Believing that his furniture had been completely destroyed by the fire of January 8, 1960, the defendant notified the plaintiff and made a proper claim under the policy of fire insurance and, in due course and after an investigation was made by the plaintiff, the defendant was paid the full sum of $1500.00, representing the face amount of the fire insurance policy. Thereafter, or about February 24, 1960, one Dudley Petit, who was the owner and operator of the ABC Storage Company, located at 817 Toulouse Street, made demand upon the defendant for arrears for storage on the defendant’s furniture and, as a result, the defendant went to the ABC Storage Company’s warehouse on Toulouse Street and found that his furniture was not completely destroyed by the fire, but was, at that time, located in the ABC Storage Company warehouse.
Inspection of this furniture was made jointly by the defendant and by a representative of the plaintiff insurance company and the dispute in this case is as to whether or not the furniture had or had not been damaged as a result of the fire. The Court below, after hearing the witnesses on the trial of the case, assigned written reasons for judgment in which the Court found as a fact that the plaintiff had not maintained the burden of proof, in that the Court below was not satisfied from the evidence that this furniture was not in the warehouse on Esplanade Avenue at the time of the fire. The Court also found as a fact that the furniture had been damaged to a certain extent between the date it was originally stored and the date it was subsequently discovered in another warehouse, and held that the plaintiff had not carried its burden of proof in establishing that payment had been made by mistake or that the actual damage to the furniture was less than the amount paid to the defendant representing the proceeds of the insurance policy.
The issues presented on this appeal involve solely questions of fact and it is well settled that the findings of the trial court will not be disturbed on questions of fact unless a review of the evidence shows that the trial Judge has committed manifest error. A reading of the testimony in this case does not satisfy this Court that the Court below was in error.
Article 2302 of the LSA-Civil Code provides :
“He who has paid through mistake, believing himself a debtor, may reclaim what he has paid.”
The plaintiff in this case has the right to bring an action to recover any sums paid by mistake, but, in so doing, it carries the *558 burden of establishing the mistake by a preponderance of the evidence. The Court below found that the plaintiff in this case did not carry the burden of proof in this connection. Furthermore, if the amount of the damages to the furniture caused by water, or otherwise, in connection with the fire on Esplanade Avenue, was less than the sum of $1500.00, then the plaintiff in this case also carried the burden of establishing the fact that the damages were less than such amount, and the plaintiff also failed to carry that burden of proof.
The individual who could have enlightened the Court below as to the location of defendant’s furniture at the time of the fire was Rene Legier, who was the initial warehouseman who accepted Mr. Guz-zardi’s furniture for storage at the Jackson Street warehouse. The plaintiff insurance company made some, but apparently no serious effort to locate Mr. Legier, and the presumption is that his testimony would have been adverse to the plaintiff. Be that as it may, this man could have positively testified as to the location of the furniture at the time of the fire.
Undoubtedly, there were other witnesses who were present at the time of the fire on Esplanade Avenue who could have testified positively whether or not defendant’s furniture, or any other furniture, was removed from the building before it burned, but none of these witnesses were produced by the plaintiff. Thus, the entire case leaves open the question of whether or not the defendant’s furniture was, in fact, damaged in the course of, or as a result of, the fire on Esplanade Avenue. Therefore, and since the plaintiff had the burden of establishing the allegations of its petition and failed to do so, the judgment of the Court below was correct in rejecting the plaintiff’s demands.
For the reasons which have been herein assigned, the judgment of the District Court is affirmed at the appellant’s cost.
Affirmed.